UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REYNALDO PEREZ,

       Plaintiff,

 v.

THE STATE OF NEW YORK,
DR. EVANS,
DR. KING,
DR. LUKCAUSKIE,

       Defendants.
_____

**DECISION**
**and**
**ORDER**

**14-CV-81S(F)**

APPEARANCES:  REYNALDO PEREZ, *Pro Se*
         09-A-1389
         Wende Correctional Facility
         Box 1187
         Alden, New York 14004

         BARBARA UNDERWOOD
         New York State Attorney General
         Attorney for the Defendants
         DENETRA D. ROBERTS,
          Assistant NYS Attorney General, of Counsel
         350 Main Street, Suite 300
         Buffalo, New York 14202

   In this § 1983 prison civil rights action, Plaintiff alleges Disability Act, Rehabilitation Act and Eighth Amendment violations based on Defendant's failure to treat and accommodate Plaintiff's hearing impairment (Meniere's disease). By papers filed August 20, 2018 (Dkt. 81), Plaintiff moves for an order to require unnamed persons at the Wende Correctional Facility ("Wende"), where Plaintiff resides, locate and return Plaintiff's documents, including an accommodation request, a letter to the Wende medical department, a copy of Plaintiff's grievance against the department, and copies of Plaintiff's sick call form, a hearing and visual impaired inmates rights accommodation

form, and a letter explaining Plaintiff's need for these documents ("Plaintiff's motion").

Defendants oppose Plaintiff's motion contending that Plaintiff's motion seeks material that is unrelated to Plaintiff's actions and therefore Plaintiff's motion seeks material that is beyond the scope of discovery permitted by Fed.R.Civ.P. 26(b)(1) (authorizing discovery relevant to any party's claim or defense) (Dkt. 83 ¶ 8). Defendants further contend Defendants have no knowledge of the issues raised by Plaintiff's motion and that, accordingly, Plaintiff's motion is not based on Plaintiff's current lawsuit pending in this court under the referenced docket number (Dkt. 83 ¶ 5).

It is basic that the court lacks authority to entertain a motion that raises issues that fall outside the scope of a pending action before the court, *see Gertskis v. E.E.O.C.*, 594 Fed.Appx. 719, 722 (2d Cir. Dec. 8, 2014) (upholding district court's denial of plaintiff's motion to compel discovery prior to granting defendants' motion to dismiss based on sovereign immunity defense where information plaintiff sought to compel was irrelevant to the immunity defense on which defendants' motion to dismiss was granted); *Spin Master Ltd. v. Bureau Veritas Consumer Products Service, Inc.*, 2016 WL 690819, at *4 (W.D.N.Y. Feb. 22, 2016) (denying motion to compel general ledgers which were irrelevant to claims asserted against requested party), and that the Federal Rule of Civil Procedure are fully applicable to prisoner *pro se* civil rights actions. Local Rules of Civil Procedure – W.D.N.Y. Rule 5.2(i) ("All *pro se* litigants shall become familiar with, follow, and comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure . . . ."); *see Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990) (affirming district court's imposition of harsh sanction of dismissal against *pro se* litigant because *pro se* litigants, although generally not familiar

with the procedures and practices of the courts, "have no right to ignore or violate court orders"). Accordingly, the court lacks jurisdiction to order any relief requested by Plaintiff's motion. If Plaintiff believes that the problem Plaintiff's motion describes is a proper subject for judicial relief pursuant to § 1983 or some other applicable law, Plaintiff is free to commence a new action to obtain the relief Plaintiff seeks.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 81) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 24, 2018
Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).